ALBERT PIETER, Appellant, v. J. H. BALES, MARY C. LIGHT-FIELD, JOHN LIGHTFIELD, and C. W. LIGHTFIELD.

**Fraudulent conveyances:** UNLAWFUL COMBINATION: EVIDENCE. In an action for damages based on the contention that defendants entered into an unlawful combination to hinder and delay plaintiff in the collection of a judgment against another, the evidence is considered and held insufficient to show a fraudulent concealment of the judgment debtor's property.

*Appeal from Hardin District Court.*— HON. J. H. RICH-
ARD, Judge.

SATURDAY, DECEMBER 17, 1904.

ACTION to recover damages for conspiracy to cheat and
defraud the plaintiff by combining with one Herman Light-
field to hinder and delay the collection of a judgment recov-
ered by plaintiff against said Herman Lightfield, by covering
up, concealing, and placing out of the reach of an execution
the property of said Herman Lightfield, who had become
insolvent.    On issue joined, trial was had to a jury; and at
the close of the evidence the court dismissed plaintiff's action
as against J. H. Bales, Mary C. Lightfield, and John Light-
field, and a verdict was returned and judgment entered
against C. W. Lightfield in plaintiff's favor.    From the judg-
ment dismissing plaintiff's action as to the three defendants
named, plaintiff appeals.— *Affirmed.*

*F. H. Noble* and *J. H. Scales,* for appellant.

*Albrook & Lundy,* for appellees.

McCLAIN, J.— There was absolutely no evidence, so
far as the record shows, of a combination participated in by
the three defendants, as to whom plaintiff's action was dis-
missed, to in any way delay or defraud plaintiff in the en-
forcement of his judgment against Herman Lightfield; but
counsel for appellant insist that under the allegations plain-
tiff was entitled to recover against the defendants separately
for any wrongful act in assisting Herman Lightfield to put
his property out of his hands to prevent the enforcement of
plaintiff's judgment.    Conceding this to be true for the pur-
poses of this case, we find the facts, as shown without dis-
pute in the record, to be that, during the pendency of the

original action by plaintiff against Herman Lightfield, the latter executed to the defendant J. H. Bales a written obligation for the repayment of $1,500, borrowed money advanced or to be advanced to his attorneys, from which should be paid certain indebtedness, and the balance used for paying the expenses of the pending litigation, with a mortgage on certain real property to secure the same, which real property, it appears, was already incumbered. Bales was a banker, and we discover no evidence indicating that he had any fraudulent purpose in loaning this money to Herman Lightfield. It may be that it was somewhat unusual to advance money on a second mortgage, which, with the previous incumbrance, almost, if not quite, equaled the value of the property mortgaged, which was substantially the entire property of the borrower; but if he saw fit to lend $1,500, substantially without other security than the personal obligation of the borrower, we cannot say that his purpose was necessarily fraudulent, and there are no other circumstances in the transaction tending to indicate fraud. The fact that plaintiff was then prosecuting an action against Herman Lightfield to recover a considerable amount by way of damages would not deprive the defendant in such action of the right to borrow money to pay off his existing debts and carry on the pending litigation.

As to Mary C. Lightfield, the wife of Herman, the evidence shows that, on the same day on which the mortgage was given to Bales, her husband executed to her a bill of sale of substantially all of his personal property, consisting of live stock, oats, and hay, in consideration of an alleged previous indebtedness of the husband to the wife for money advanced by the wife to the husband and personal property previously delivered to him. The advancement of money was evidenced by notes which were surrendered when the bill of sale was executed, and there is no evidence impeaching the testimony of the wife that the personal property had been turned over by her to her husband on their marriage.

The wife was also, according to her testimony, to pay certain indebtedness of the husband, which she testifies she paid as agreed, and we find nothing to impeach her testimony. If she testifies truthfully, there was a full and adequate consideration on her part for the bill of sale given her by her husband.

As to defendant John Lightfield, father of Herman, there is no claim of wrongdoing, except that he received, out of the money borrowed from Bales, payment of an indebtedness due to him by his son, with knowledge at the time that the action of plaintiff was pending against his son; but this fact alone would certainly not constitute an actionable wrong so far as plaintiff was concerned. Even if plaintiff had already secured a judgment against Herman Lightfield, there would be no actionable fraud on the part of his creditors, even though they were his relatives and had knowledge of the judgment, in accepting out of his available resources payment of their claims, though the effect of such payment would be to leave insufficient resources in the hands of the judgment debtor to enable him to satisfy plaintiff's judgment. The acceptance of payment of a debt from an insolvent debtor is not in itself a fraud on other creditors.

It may be that plaintiff was unfortunate in being compelled to rely entirely on the testimony of the defendants for the purpose of establishing his case. However this may be, in the absence of any evidence of facts or circumstances constituting fraudulent conduct on the part of the defendants, plaintiff was not entitled to recover, and his action as against the three defendants named, who are appellees, was properly dismissed.

The judgment of the trial court, so far as it is attacked on this appeal, is therefore *affirmed*.

WEAVER, J., takes no part.